**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

David Evans,

       Plaintiff,

   v.

Stellar Recovery, Inc.; and DOES 1-10,
inclusive,

       Defendants.

Civil Action No.: 1:15-cv-08664

**COMPLAINT**

For this Complaint, Plaintiff, David Evans, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.   Plaintiff, David Evans ("Plaintiff"), is an adult individual residing in Homewood,

Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as

defined by 47 U.S.C. § 153(39).

5.   Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida business entity with an

address of 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stellar Engages in Harassment and Abusive Tactics

12.      In or around January 2015, Stellar began calling Plaintiff in an attempt to collect the Debt from "Carol Welch" (the "Debtor").

13.      At all times mentioned herein, Stellar called Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") and/or using a prerecorded or artificial message.

2

14.     When Plaintiff answered calls from Stellar, he heard a prerecorded message indicating that the calls were an attempt to reach the Debtor.

15.     During a live conversation, Plaintiff informed Stellar that he did not know the Debtor and that the Debtor could not be reached at his cellular telephone number.  Plaintiff therefore instructed Stellar to remove his telephone number from the account and cease all calls to him.

16.     Nevertheless, Stellar continued to harass Plaintiff with automated calls in an attempt to reach the Debtor.

C.  **Plaintiff Suffered Actual Damages**

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair

and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**
**225 ILCS 425/1, *et seq.***

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully set forth herein at length.

26.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*,

74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

27.     Stellar Recovery, Inc., in the regular course of business, engages in debt

collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

28.     Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants

caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly

or continuously with intent to annoy, abuse, or harass.

29.     Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged

in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or

harm the public.

30.     The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the Illinois Collections Agency Act, including every one of the above-cited

provisions.

31.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Plaintiff never provided his cellular telephone number to Defendants or the Creditor and never provided consent to be contacted on his cellular telephone number.

34.     Nevertheless, Defendants placed automated calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35.     Defendants continued to place automated calls to Plaintiff's cellular telephone number despite Plaintiff's request that the calls cease.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

36.     The telephone number called by Defendants was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

37.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38.     Defendants' telephone system has the capacity to store numbers in a random and sequential manner.

39.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's

favor and against Defendants as follows:

1.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.  The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

4.  All available damages pursuant to 225 ILCS 425/1;

5.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 30, 2015

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff